NOT FOR PUBLICATION                                                                                  **CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
MICHAEL ARMATO, et al.,                           :   CONSOLIDATED CIVIL
                Plaintiffs,   :   ACTIONS
                                :
       v.                                     :   Civil Action No. 05-2381 (JAP)
                                :
NEW YORK DAILY NEWS, INC. and D.L.   :
BLAIR, INC.,                                      :
                Defendants.  :
_____:
CONCETTA "Connie" GOWE and STEVEN   :
SCHLOSSBERG,                                      :   Civil Action No. 05-3121 (JAP)
                Plaintiffs,  :
                                :
       v.                                     :
                                :
DAILY NEWS, L.P. and D.L. BLAIR, INC.,  :
                Defendants.  :
_____:
TEGRA MILLER,                                     :
                Plaintiff,   :   Civil Action No. 05-3358 (JAP)
                                :
       v.                                     :
                                :
NEW YORK DAILY NEWS, INC. and D.L.   :
BLAIR, INC.,                                      :
                Defendants.  :
_____:

APPEARANCES

EPSTEIN BEIRNE, P.A.
Michael J. Epstein, Esq.
340 West Passaic Street
Rochelle Park, NJ 07662
Attorneys for Plaintiffs Michael Armato, Sharon Allen, Amgaly Aponte, Kim Bradley, Thomasina Clark, Robert Corcoran, Pam Donovan, Latanya Fuller, Renaldo Garcia, Janette Hughes, Adel Jones, Celia Justiniano, Patricia & James Kalisch, Cecilia Lisa, Maria Lopez, Anthony Minucci, Christopher Monaco, Bessie Montgomery, Mark Montgomery, Anthony

Morin, Traci Mossey, Carlos Munoz, Patrick Murray, Frank Myskowski, Marty Rudnick, Marlene Ruiz, Randee Saffren, Salvatore Scardino, Robyn Sealy, Daniel Steinberg, Howard Tate, Anamarie Vasquez, Renita Walker and William Wayman.

MAGGIANO, DIGIROLAMO & LIZZI, PC
Christopher Digirolamo, Esq.
201 Columbia Avenue
Fort Lee, NJ 07024
Attorneys for Concetta Gowe

PRINCE & PORTNOI, P.C.
Mitchell H. Portnoi, Esq.
136 Central Avenue
Clark, NJ 07066
Attorneys for Tegra Miller

GREENBERG TRAURIG, LLP
Philip R. Sellinger, Esq.
Todd Lawrence Schleifstein, Esq.
200 Campus Drive
P.O. Box 677
Florham Park, NJ 07932-0677
Attorneys for New York Daily News, Inc.

PASHMAN STEIN, PC
Michael S. Stein, Esq.
Ellen W. Smith, Esq.
Court Plaza South
21 Main Street
Hackensack, NJ 07601-7054
Attorneys for D.L. Blair, Inc.

PISANO, District Judge.

After a local newspaper printed an incorrect winning number for its March 19, 2005 sweepstakes, an overwhelming number of participants in that game filed lawsuits in both New York and New Jersey, including this consolidated civil action now before the Court. Here, approximately thirty-eight Plaintiffs allege that the game's sponsor, Defendant Daily News, L.P.

("Daily News"), and its judging agency, Defendant D.L. Blair, Inc. ("D.L. Blair") are liable based on a host of theories: breach of contract, negligence, promissory estoppel, breach of the implied covenant of good faith and fair dealing, consumer fraud, breach of express and implied warranties, "product liability," fraud, and negligent misrepresentation.  Additionally, Plaintiff Tegra Miller, another sweepstakes participant, moves to be included in a random drawing of the sweepstakes jackpot.  The Daily News and D.L. Blair, respectively, move to dismiss the Complaints[1].

The Court has jurisdiction under 28 U.S.C. § 1332, and resolves this motion without oral argument, Fed. R. Civ. P. 78.  For the reasons explained below, the Court grants Defendants' motions and denies Plaintiff Miller's motion.

### I. Facts

For the limited purpose of deciding the motions before the Court, the Court accepts as true the facts alleged in the pleadings and all reasonable inferences drawn from those facts.  *See Hayes v. Gross*, 982 F.2d 104, 106 (3d Cir. 1992); *see also* infra II.  Accordingly, the facts recited below are taken from the Complaints, and do not represent this Court's factual findings.

### A. The Parties

The Plaintiffs, about thirty-eight in total, each claim to be a winner of the March 19, 2005 "Scratch 'N Match" Sweepstakes featured in the *Daily News*.  More specifically, each asserts a right to the single $100,000 prize, single $10,000 prize, one of the ten $1,000,  or one of the

---

[1] Three Complaints are pending here: *Armato v. New York Daily News, Inc. & D.L. Blair, Inc.* ("*Armato*"), dated March 31, 2005; *Gowe v. Daily News, LP & D.L. Blair, Inc.* ("*Gowe*"), dated May 20, 2005; and *Miller v. New York Daily News, Inc. & D.L. Blair, Inc.* ("*Miller*"), dated May 17, 2005.

twenty $500 prizes available.

Defendant Daily News publishes a daily newspaper, *Daily News*, which is distributed throughout the New York metropolitan area (the "Newspaper"). Among the Newspaper's features is a sweepstakes called "Scratch N' Match" (the "Sweepstakes"), in which participants scratch off numbers on a game card in an attempt to reveal three matching dollar amounts.

D.L. Blair is an independent judging agency that administers and judges the Sweepstakes for Daily News.

### B. Background

The face of each "Scratch 'N Match" game card reveals sections for each day of a specific week. Each of these sections contains scratch-off boxes numbered one through fifteen. Game participants find a list of ten numbers published in the *Daily News* and then scratch off those numbers on their cards, hopeful to reveal the same dollar amount three times. If the same amount appears three times, a player must submit that card for verification and validation before collecting any prize under the Official Rules. The Official Rules of the Sweepstakes make clear this procedure and govern the game and all of its participants: "By participating in this promotion, game players agree to be bound by these Official Rules and the decisions of the judges, which are final." The Official Rules appear on the back of all Sweepstakes game cards and in the Newspaper itself.

Significantly here, the Official Rules expressly limit the maximum number of prizes available. For the March 19, 2005 game, participants were playing for these prizes: one $100,000 prize, one $10,000 prize, ten $1,000 prizes, twenty $500 prizes, thirty $250 prizes, 200 $100 prizes, 300 $50 prizes, and 2,000 $25 prizes. "In no event will more than the stated

number of prizes be awarded," according to the Official Rules. Therefore, the Official Rules inform"[i]f due to a printing, production or other error, more prizes are claimed than are intended to be awarded for any prize level per the above, the intended prizes will be awarded in a random drawing from among all verified and validated prize claims received for that prize level."  Not only do the Official Rules contemplate potential error, but they absolve both the Daily News and D.L. Blair of liability for any such mistake: "In the event of printing, production or other error, or the distribution of an irregular game card occurs, neither the Daily News, LP, D.L. Blair, Inc., their affiliated companies and agents shall have any liability."

The parties do not dispute that the *Daily News* printed an incorrect number on March 19, 2005.  As a result, a substantial number of players claimed the limited prizes.  Following the Official Rules, the *Daily News* arranged a random drawing to rectify the error: "[T]he intended prizes will be awarded in a random drawing from among all verified and validated prize claims received for that prize level.  In no event will more than the stated number of prizes be awarded." The *Daily News* has already conducted its drawing.

## II.  Motion for Dismissal under Rule 12(b)(6)

On a motion for dismissal under Rule 12(b)(6), courts must read reasonably the complaint and decide whether plaintiffs have pleaded a cognizable cause of action entitling them to relief. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  In so determining, courts shall accept as true all factual allegations in the complaint and all reasonable inferences from those allegations. *Id.*

Generally, the court's task requires it to disregard any material beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).  A district court may,

however, consider the factual allegations within other documents, including those described or identified in the complaint and matters of public record, if the plaintiff's claims are based upon those documents. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004); *Burlington Coat,* 114 F.3d at 1426. Yet just because the court elects to examine these types of documents outside of the complaint does not mean that it need treat the motion as one for summary judgment. *Burlington Coat,* 114 F.3d at 1426; *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

The essence of the Complaints is that Defendants breached their contract with Sweepstakes participants by declining to pay them prizes they claimed based on the numbers printed for the March 19, 2005 Sweepstakes. None of the allegations here are meaningful without an understanding of the game cards and the rules governing the game. Thus, looking beyond the pleadings, the Court shall necessarily consider the "Scratch 'N Match" game cards and their text, which includes the Official Rules.

**II.  Discussion**

**A. Motions to Dismiss**

The issues raised on these motions to dismiss have been resolved already in a number of New York State cases filed by participants in the March 19, 2005 "Scratch 'N Match" game. Defendants cite to many of these authorities, submitting to the Court additional supporting authorities even after they filed their moving briefs. Indeed, the authorities Defendants provide include citations to even more case law supporting Defendants' motions and the dismissals they seek. It is unnecessary to cite, let alone discuss, all of these cases here. Suffice it to say, however, they stand commonly for the proposition that while contest participants and the entity running the contest have a contractual relationship, Sweepstakes participants do not have a

contractual or quasi-contractual right to prize monies and are bound by the game's Official Rules.  Furthermore, these cases demonstrate overall that the game participants lack a cognizable claim under any tort theory including negligence.

In *Greenwood v. Daily News, L.P.*, No. 4292/05 8 Misc. 3d 1002(a), 2005 WL 1389052 (N.Y. Sup. Ct. Nassau County, June 7, 2005), for example, the court dismissed game participants' breach of contract claims by relying upon the plain text of the Game's rules: "in the event of printing or production error, the winner would be determined by a random drawing for the verified and validated tickets of the incorrect number." The court rejected contractual claims because the "interpretation of the contest rules proposed by the plaintiffs by which more than the stated number of prizes would be awarded would require the Court under the guise of contractual interpretation to delete or ignore the provision of the rules which states, 'In no event will more than the stated number of prizes be awarded.'" (*Id.* at * 3.)

*Greenwood* also discarded claims for breach of implied covenant of good faith and fair dealing because "[n]o contractual provision that is inconsistent with the terms of the agreement can be implied" and the covenants "do not create any obligations beyond those stated in the contract." (*Id.* at * 4.)   Plaintiffs did not have a claim for an implied covenant because their claim that they were all prize winners from the March 19 game would "impos[e] an inconsistent reading of the established rules of the game and would foist upon the Daily News and Blair additional obligations not provided for by, and contrary to, the contest rules; to wit: paying the holders of all 'winning' cards the amount stated thereon even though that would require the Daily News to pay far more than the stated number of prizes." *Id.* at * 4.

*Greenwood* further rejected negligence claims because Daily News lacks a common law

duty to accurately report information. Even if it did owe such duty, the court recognized, a provision of the game rules exculpates it from liability for harm resulting from an irregular game card. *Id.* at *6.  Bolstering its rationale, the court emphasized that "[a] breach of contract claim does not give rise to a separate cause of action in tort unless the Defendant breached a legal duty that is separate and apart from its contractual obligations." *Id.*   In sum, the court held that the "duties and obligations of the Daily News and Blair to the participants in the contest are established by the rules published on the game cards." *Id.*   But *Greenwood* went further, declining plaintiffs an opportunity to refile by finding that they had "not made even the most minimal of showing" to support a claim that the Daily News and Blair had acted intentionally in misprinting a number.

      Other courts have held similarly and/or followed *Greenwood*'s rationale in disposing of claims arising from the March 19 "Scratch 'N Match" Sweepstakes.  *Accord, e.g.*, *Wilson v. Daily News*, Index No. 14514/05 (N.Y. Sup. Ct. Bronx Cty. Dec. 9, 2005) (applying *Greenwood* reasoning in granting summary judgment for defendants); *Burroughs v. Daily News*, Index No. SCQ 1789/05 (N.Y. Civ. Ct. Queens County Aug. 16, 2005) (dismissing March 19 game participant's claim for breach of contract); *see also Diop v. Daily News, L.P.*, Index No. 13777/05, N.Y.L.J, June 24, 2005, at 18, *4 (N.Y. Sup. Ct. Bronx County June 9, 2005) (denying preliminary injunction to enjoin defendants from conducting a random drawing to distribute prizes to participants claiming prizes based on its finding that plaintiffs failed to show a likelihood of success on the merits because parties are bound by terms of their agreement).

      After reviewing the submissions here and the New York authorities resolving the same issues posed in this litigation, the Court agrees with the rationale set forth in *Greenwood* and its

progeny. In the interests of judicial economy and efficiency then, the Court adds only the following.

Plaintiffs' primary theory is that Defendants breached their contract by refusing to pay prizes based on the March 19, 2005 game numbers. The Sweepstakes participants concede, as they must, that they entered a contractual relationship with Defendants when they chose to participate. The terms of the contract, the Official Rules, were printed on the game cards and in the Newspaper, and they governed all participating parties. The Rules expressly limit the prizes available for each game and prescribe a means to handle any potential printing error in the administration of the Sweepstakes. Defendants have complied with their own Rules in addressing the error resulting from the March 19, 2005 Sweepstakes. To be sure, Plaintiffs do not and can not assert that Defendants have failed to follow their own Rules or that they have committed any acts outside of what the Official Rules permit. Thus, the Court dismisses all of Plaintiffs' breach of contract claims.

Additionally, like the New York courts, this Court finds that all other theories alleged by Plaintiffs lack any substance. The New York cases have reasoned well why quasi-contractual, tortious, and other non-contractual claims necessarily fail. Because this Court finds that these allegations from Plaintiffs are wholly without merit, they warrant no further discussion here. Therefore, the Court dismisses all counts of the Plaintiffs' Complaints.

**B.  Miller's Motion to be Included in the Random Drawing of the "Scratch N' Match" Jackpot**

Plaintiff Tegra Miller played the March 19, 2005 game and claims she won $100,000.00 as a participant. She admits she failed to follow the game's rules and did not timely submit her

ticket for prize claim verification.   She did not timely submit because her counsel believed that the Daily News and D.L. Blair knew to include Miller in their random drawing based upon the litigation she filed.   Miller now seeks to be included in any future random drawings for a grand prize.

Miller's motion also fails for two reasons.  First, she seeks to be included in a drawing that has already occurred.  Second, she concedes that she failed to follow the Official Rules by submitting an untimely claim to participate in the drawing.  Thus, she relinquished her right to participate in the random drawing for the March 19, 2005 Sweepstakes, and the Court finds no relief available to her at this juncture.  Her motion is denied.

### III. Conclusion

For the reasons explained above, the Court grants Defendants' motions to dismiss and dismisses with prejudice the Complaints.  The Court denies Plaintiff Miller's motion.  This consolidated action is **CLOSED**.

SO ORDERED.


January 17, 2006                                              S/ JOEL A. PISANO, U.S.D.J.